## BARNES *et al.* vs. BAKER.

The assignor of a note and mortgage covenanted with assignee that in case assignee should fully prosecute the note to judgment and foreclose the mortgage, and should not collect a specified sum, with costs, &c., then the assignor would pay said sum and costs, and if upon execution or foreclosure, the mortgaged land or other real estate should be taken for sale or set off, then the assignor would pay said sum. *Held*, in a suit upon said covenant, that assignor could not set up in defence a mere irregularity in the foreclosure.

The assignee having foreclosed in chancery and taken decree for the sum due, and for execution for any deficiency after sale of mortgaged premises, this was held a sufficient compliance with the condition of the covenant, that the note should be prosecuted to judgment.

Before the assignee could sue upon the covenant in the assignment, he must exhaust his remedy against the mortgagor by issuing execution to the county of his residence.

Error to Lenawee Circuit Court.

*Ward & Tabor*, for plaintiffs in error.

*Baker & Miller and Beaman & Cooley*, for defendant in error.

By the Court, GREEN, J.

This action was brought by the plaintiffs in error against the defendant in error, in the Lenawee County Court, upon the following instrument, executed by the defendant, under seal, to-wit:

"For a valuable consideration to me in hand paid, I do hereby assign, transfer, and set over unto George Barnes and Joseph H. Pharo, all my right, title, and interest in and to the within mortgage, and note accompanying the same; and I do hereby guarantee the collection of said note and mortgage, hereby covenanting and agreeing with the said Barnes and Pharo, that in case the said Barnes and Pharo shall fully prosecute to judgment the said note, and foreclose the said mortgage, and there shall not be collected the sum of two hundred and thirty-four dollars and eighteen cents, and interest from the date of said note, that then I will pay such amount to them, with the costs and charges incurred in such suit or suits; and if upon execution or foreclosure, the mortgaged land, or any other real estate, shall be taken for sale or set off, I do agree thereon and on such sale, to pay said amount of two hundred and thirty-four dollars and eighteen cents and interest, to said Barnes and Pharo."

This instrument was dated on the 22d day of June, 1843, and was endorsed upon a mortgage, executed by one Albert Vredenburgh, to the defendant, bearing date the 29th day of April, 1843. The declaration alleges that the mortgage was foreclosed by the plaintiffs, in the Court of Chancery; that a decree was obtained in the foreclosure suit, on the 7th of January, 1845, for the amount due on the note and mortgage, and that the mortgaged premises' were sold by virtue of said decree, to the plaintiffs in this suit, on the 11th day of June, 1847, for the sum of seventy-five dollars, leaving a balance of $304 34 still due. That for this balance an execution was issued out of the said Court of Chancery, against the goods and chattels of Vredenburgh, the mortgagor, which was duly returned, wholly unsatisfied, and that the defendant refuses to pay the said sum, &c.

The defendant alleged in his defense,

1. That the mortgage had not been duly and regularly foreclosed;

2. That no judgment had been obtained upon the note;

3. That no execution had been issued upon the decree, to the sheriff of the county where Vredenburgh resided.

It appears from the testimony that Baker, the defendant in this suit, was made a party defendant in the foreclosure suit. The Court of Chancery decreed payment of the amount ascertained to be due upon the note and mortgage, or in default thereof, that the mortgaged premises be sold. Section 9 of the "act to provide for the transfer of real estate on execution, and on mortgage sales," approved March 8, 1843, expressly provides that "in foreclosing mortgages in the Court of Chancery, it shall be lawful for the Chancellor to decree a sale of the premises." This section also provides for a sale of the mortgaged premises in all cases of foreclosure, "provided, that in all cases the minimum bid at such sale for the premises, shall be two-thirds of the appraised value of each distinct lot, tract of land, or premises, as the same shall be appraised and offered for sale." The sale was made by the Master, without an appraisal. His report of the sale, and of the balance due, was confirmed under the rules of the Court, and an order was thereupon made, that execution issue against Vredenburgh, for the amount of such balance. Conceding that the sale was irregular, the proceedings cannot be regarded as void. If irregular, they might have been set aside upon application made in due time. In the case of Spafford and Tileston *vs.* Beach, (2 *Doug. R.*, 150,) it appeared that the property sold by the sheriff on an execution, consisted of several distinct parcels, which were sold together for a gross sum, and not separately. This Court held that this irregularity did not render the sale void.

The objection that no judgment had been obtained upon the note, is not well taken. The contract does not require a judgment *at law*, in express terms, and the decree of the Court of Chancery for the payment of the amount due, and that an execution issue therefor, has all the force and effect of a judgment at law, and is a judgment.

But the plaintiffs are not entitled to recover upon the guaranty of the defendant, until they have exhausted their remedy upon the decree against Vredenburgh. This they have not done. The declaration and the proofs show an execution issued against the *goods and chattels* of Vredenburgh, directed to the sheriff of Lenawee County, and a return of *nulla bona* endorsed thereon by the sheriff. Vredenburgh lived in

Barnes *et al.* *vs.* Baker.

Hillsdale County, and the execution should have been issued to that county, and, for the want of goods and chattels, it should have directed the sheriff to make the amount of the *lands and tenements* of the defendant in such execution.

It is contended on the part of the plaintiffs, that the land having been taken upon the foreclosure of the mortgage "for sale or set-off," and such land having been sold, the defendant became immediately liable to pay them the whole amount which he guarantied.

The language of the guaranty is somewhat ambiguous, but I do not think the construction contended for by the plaintiffs the true one, nor is it the one which they have practically put upon it. After exhausting the mortgaged premises, they regarded it as incumbent upon them to cause an execution to be issued for the balance remaining due.

The whole instrument must be construed together. The defendant guaranties the collection of the note and mortgage, and covenants that in case the plaintiffs shall prosecute the note to judgment *and* foreclose the mortgage, and there shall not be collected the sum of $234 18 and interest, he will pay such amount with the costs and charges incurred in such suit or suits. Then follows the clause providing that if upon execution or foreclosure, the mortgaged land or any other real estate shall be taken for sale or set off, on such sale the defendant agrees to pay the said sum and interest to the plaintiffs.

The intention of the parties appears to have been, that in case the moneys could not be collected without selling or setting off real estate, the defendant would become the purchaser or take the land set off, and pay the amount. But he was not bound to pay the whole amount upon the sale of real estate worth but a small portion of the sum due upon the mortgage, while the remedy against the debtor was not exhausted, and the plaintiffs had the power of seizing any other real estate which the mortgagor might have. The testimony in relation to Vredenburgh's ownership of property cannot be regarded. The evidence which the law requires of inability to collect a debt, is the return of such an execution as the statute authorizes to be issued upon a judgment or decree unsatisfied for want of goods or chattels, lands or tenements, out of which the moneys could be made. No competent

évidence therefore, was adduced on the trial, that the amount remaining· due to the plaintiffs could not be collected.

The judgment of the Circuit Court for the county of Lenawee, reversing the judgment of the County Court, must be affirmed with costs to the defendant in error.