# JUNE TERM, 1875.

---

## James S. P. Hatheway and others v. Thomas L. Sackett.

*Wills: Bequest: High school; Uncertainty.* A bequest in a will to a village, of "fifteen thousand dollars to be used in the erection of a school building to be used as a high school and to be suitable for that purpose," is not void for uncertainty or indefiniteness.

*State policy: Inference: Legislative act.* The special enabling act, passed by the legislature of 1873, in reference to this specific bequest, negatives any inference of the existence of a general state policy opposed to all connection between village government and school administration which is applicable to this specific case.

*Cities and villages: Capacity to take personal property: Trust.* It is the general doctrine in this country that cities and villages may take personal property in trust for all purposes in keeping with or in furtherance of the real and final objects meant to be accomplished by their creation; and this rule must be recognized as operating without exception, unless some plain regulation or condition exists to exclude it.

*Municipal corporations: Morality and knowledge: Education.* These municipal bodies being political organisms contrived and instituted for the better government and happiness of society, and dependent upon, and intended to promote, "morality and knowledge," it cannot be urged on general principles that education is something so distinct and foreign as to forbid all connection.

*Villages: Capacity to take bequests.* The objection of incapacity of the village to take the bequest in question is held not well taken.

*Villages: Power to administer trust: Suit at law to obtain possession of the fund: Immaterial questions.* Whether or not there be a present lack of power in the village to fitly administer the trust, is immaterial in a suit at law to obtain possession of the fund, since if when the fund is reduced to possession further power is needed to enable the village to carry out the will of the testator, it is entirely competent for the legislature to grant it.

*Executor's bond: Residuary legatee: Action on the bond: Suit for a legacy: Irrelevant objections.* An action upon a bond given under the statute (*Comp. L. 1871, § 4366*), where the executor is also residuary legatee under the will, conditioned for the payment of the debts and legacies, where the breach assigned is the non-payment of a legacy, is not an action upon the bequest itself, nor specifically and strictly for the legacy; and the objection to such an action, that a suit at law cannot be maintained in this state for a legacy, if correct as an abstract proposition, has no relevancy to the case.

32 MICH.—13.

HATHEWAY *v.* SACKETT.

*Residuary legatee's bond: Preliminary order: Record: Waiver: Estoppel.*
An objection that the bond in question was given without any specific preliminary order of the probate court to allow a residuary legatee's bond, but under an order for the ordinary bond of an executor, is not borne out by the record, which shows that the order made simply exacted a bond in a penal sum mentioned, with sufficient sureties, "as required by the statute in such case made and provided," and was applicable, therefore, to either kind of bond; and the objection is not sustained where it appears that the bond in suit was given and received in compliance with such order.

*Pleading: Declaration: Technical omissions: Demurrer: Objection to evidence.* Whether or not the rules of good pleading require the declaration on such a bond to aver the granting of an order of the probate court giving permission to sue on the bond, the omission of it is not available by way of objection to the proof of such permission; the defect, if such it be, is a purely technical and formal one, and can only be taken advantage of by demurrer.

*Evidence: Variance: Village: Corporation: Common council.* Where the bequest was to the "corporation of the village," etc., the order granting permission to sue was to the "common council of the village," etc., and the declaration on the bond was "for the use and benefit of the village," etc., an objection to the admission in evidence of the order, on the ground of variance, is not sustained; the common council of the village is, for the purpose in question, identical with the village, or the corporation of the village.

*Residuary legatee's bond: Payment of legacies: Probate order: Condition precedent.* The statutory bond provided for where the executor is also residuary legatee, being an express undertaking under the statute to pay the legacies, it is not necessary, as a condition precedent to a suit upon it, that the probate court make an order for their payment.

*Heard April 9.　Decided June 8.*

Error to Macomb Circuit.

*Hubbard & Crocker,* for plaintiffs in error.

*R. P. & J. B. Eldredge* and *G. V. N. Lothrop,* for defendant in error.

GRAVES, CH. J:

This action was brought in the name of the judge of probate, upon a bond running to him and executed by James S. P. Hatheway, as residuary legatee of Gilbert Hatheway deceased, and by the other plaintiffs in error as sureties. It was given under § *4366, C. L.,* which is as follows: "If, however, the executor shall be residuary legatee, instead of the bond prescribed in the preceding section" (being the

ordinary bond of an executor), "he may give a bond in such sum and with such sureties as the court may direct, with a condition only to pay all the debts and legacies of the testator; and in such case he shall not be required to return an inventory."

The will of Gilbert Hatheway made James S. P. Hatheway executor and residuary legatee, and contained the following specific bequest: "*Fifth,* I give to the *corporation* of the village of New Baltimore, in the county of Macomb and state of Michigan, *fifteen thousand dollars to be used in the erection of a school building to be used as a high-school, and to be suitable for that purpose, and to be known as the Hatheway school.*"

The testator died about October, 1871, and immediately thereafter James S. P. Hatheway, the person named as executor and constituted residuary legatee, gave the bond in suit and received letters testamentary. In September, 1873, the village demanded payment of the legacy, and it was definitively refused. In December following, on the application of the common council of New Baltimore, and after full hearing on both sides, Judge Sackett made an order giving leave to sue upon the bond for the *use and benefit of the common council of New Baltimore* in respect to the legacy for building the school-house, and shortly afterwards the suit was commenced. The declaration stated the action to be for the *use and benefit of the village of New Baltimore*. The case was tried without a jury, and the court allowed a recovery. The defendants below then brought error, and the case comes before the court on the findings and a bill of exceptions.

The counsel for the plaintiffs in error has placed the most stress on objections involving the validity of the bequest in itself, and as connected with the ability of the village to take.

He contends that the legacy is void for uncertainty; or, if not, that the village, in view of its proper functions and charter powers, is incompetent to take it, and incompetent to execute the design marked out by the testator.

The subject of the gift itself is a precise sum of money; and, consequently, there is no uncertainty or indefiniteness in this particular, and we must hence consider this branch of the objection as in fact aimed at the terms used by the testator to denote the use to be made of the fund after its reception by the donee, and not at the description of the fund appropriated. But we find no serious difficulty there. The fund when received is required to be applied "in the erection of a school building," and such building is to be "suitable" for a high-school, and to be used for one. In *Coggeshall and others, Trustees of New Rochelle, v. Pelton and others, 7 J. C. R., 292*, the use was far less definite, and *Chancellor Kent* upheld it. Citations to the same effect might be greatly multiplied, but we conceive it unnecessary.

Has the village capacity to take the bequest? In answering this question no resort will be had to any of the positive provisions of the enabling act of 1873. The counsel for the village have not relied upon that act as giving a title at law, and it is not considered needful to ascertain its absolute force, if any, to supply capacity to the village, if such capacity was lacking at the testator's death, to assert a right to the legacy by common-law proceedings. It is still entitled to serious notice, however, as bearing upon an argument on this point, urged by plaintiffs in error. They insist that our general state policy is opposed to all connection between village government and school administration, and then seek to infer that this general policy is applicable to this specific case. But the act of 1873 negatives this inference; because, whatever its force as an enabling act, it is, at least, a direct and explicit expression of the sense of the legislature that in truth it is not impolitic for the village of New Baltimore to accept this very bequest. We have, then, distinct and solemn evidence that the legislature have considered it entirely consistent for the corporation to have the identical legacy in question.

Passing this, we are next to inquire whether the village may take independently of the special act.

Now, we understand it to be the general doctrine in this country that cities and villages may take personal property in trust for all purposes in keeping with or in furtherance of the real and final objects meant to be accomplished by their creation; and that this rule must be recognized as operating without exception, unless when some plain regulation or condition exists to exclude it.   And as these municipal bodies are political organisms, contrived and instituted for the better government and happiness of society, and, like other and larger members of our political system, are dependent upon and intended to promote "morality and knowledge," we cannot yield to any argument founded on general principles, however ingenious the reasoning, which is aimed to prove that education is something so distinct and foreign as to forbid all connection.

There is no natural antagonism or incongruity.   So far from it, strict regulations are necessary to prevent our city and village organizations from drawing to themselves the supervision of the common schools within their borders.   We are therefore of opinion that there is nothing in our general polity to preclude New Baltimore or any other village from taking a practicable bequest in money in trust for educational purposes.   And when we come to special or particular impediments, to specific limitations or restrictions, we have not been able to discover any to disable the village of New Baltimore, and certainly the learned counsel for the plaintiffs in error has not cited any.

We think, therefore, that the objection of incapacity to take is not supported.

The last ground of objection against the legacy is, that the village has not the requisite power to administer the trust connected with it.

This objection admits of a brief answer:

If it be conceded that there is a present lack of power in the village to fitly administer the trust, it is still sufficient for this suit at law to obtain possession of the fund to observe, that the village is competent to take, and that

the trust in itself is entirely capable of execution, and when the fund is reduced to possession if the village needs further power than is found in the special act before mentioned, which is hardly probable, to enable it to carry out the will of the testator, the legislature can give it.

. It is next objected that no suit at law can be maintained in this state to recover a legacy; and this proposition was meant to imply, we suppose, that this suit is of that character, and hence cannot be supported.    It is not clear that this point is directly raised by the assignments of error, but it is well to notice it.    The action here is not upon the bequest itself, and is not specifically and strictly for the legacy.    It is based upon the bond, which is collateral to the gift by the will.    It is by the obligee and against the obligors, and the liability is a personal one of the latter.   The legacy is resorted to, not as immediate ground of action, but as inducement, as something to show a particular breach of the bond, the extent of that breach, and the right of the village to the damages arising from the breach.

We have no occasion to remark upon the broad proposition, that no action at law can be maintained here for a legacy.    But certainly an action at law may be brought upon the bond given by a residuary legatee under the statute, whether the breach is for non-payment of debts or money legacies.    No other proper remedy can be suggested.

A suit in equity to recover damages on a bond would be a novelty.

The plaintiffs in error again object that the bond was given without any specific preliminary order by the probate court to allow a residuary legatee's bond; but under an order for the ordinary bond of an executor.

This proposition is hardly borne out by the record.

The order as made was applicable to either kind of bond. It merely exacted a bond "in the penal sum of two hundred thousand dollars, with sufficient sureties, as required by the statute in such case made and provided;" and by statute § *4366, C. L.*) the executor as residuary legatee had an

election to give the general bond for payment of debts and legacies or the ordinary executor's bond, and he gave the general one which is in suit, and the other plaintiffs in error joined as sureties, and the defendant in error accepted it. It was given and received as in compliance with the order. We see nothing in this objection.

It is next insisted that the order of the probate court, granting permission to sue on the bond, was inadmissible in evidence: *first*, because it was not averred in the declaration; and, *second*, because it purported to give leave to sue for the benefit of the *common council* of the village of New Baltimore, which was variant from the party named in the declaration as the party for whose use the suit was brought, and variant from the designation of the legatee in the will; and, *third*, because no order had passed for the payment of legacies.

As to the first ground of objection, if, according to the rules of good pleading, the declaration should have contained an averment of the order giving leave to sue,—a point we do not decide,—the omission of it was not available by way of objection to the proof of such permission. The defect, if such it was, was purely technical and formal, and should have been taken advantage of by demurrer.

The *second* ground of objection is, we think, without force. The order granted permission to "the common council of New Baltimore," and identified the claim, and "the common council of New Baltimore" is, for the purpose in question, identical with the *village of New Baltimore*, or the *corporation of the village of New Baltimore*.—See *section three* of the charter *(L. 1867, Vol. 2, p. 792)*. There was no variance in substance.

The third ground is not tenable. The giving of the residuary legatee's bond was, at the least, *prima facie* an admission of sufficient assets. It was an express undertaking under the statute to pay the legacies, and it was not necessary, as a condition precedent to a suit upon it, that the probate court should have made an order for payment.—*Jones*

*v. Richardson, 5 Met., 247; Richardson v. Oakman, 15 Gray, 57; Richardson v. Hazelton, 101 Mass., 108; Conant v. Stratton, 107 Mass., 474.*

These cases may be profitably consulted in connection with several other points suggested by the record.

We have noticed all the questions insisted on in the brief of counsel for plaintiffs in error, and find nothing to prejudice the judgment.

There should be an affirmance, with costs.

CAMPBELL, and COOLEY, JJ., concurred.

Only three judges sat in this case.