## ADDISON P. COOK v. IRA D. PERRY.

*Practice—Notice of trial—Discontinuance—Election between counts —Defective pleadings—Evidence of repetition of false representations—Interest as damages.*

An action based in part on a charge of conspiracy was noticed for trial without bringing in a portion of the defendants. A defendant who had pleaded asked that the case be set down for trial on a day certain, and at the day fixed objected that the others had not been brought in. On motion the plaintiff was allowed to discontinue as to those who had not been brought in. *Held* that the right to object to the irregularity in noticing the case for trial was cut off by consenting to go to trial and by the order of discontinuance, and that it was of no consequence that the discontinuance was not entered on the record, and that there was no formal amendment of the declaration.

The omission to enter an order of discontinuance upon the records of the court is cured by the statute of amendments.

Where there is no misjoinder of counts or of causes of action, the refusal of the court to compel the plaintiff to elect between the counts of the declaration is not reviewable. The union of different statements is allowed by the rules of pleading.

Where defects in a declaration are not substantial and are not demurred to, they cannot be relied on in the appellate court.

In an action for fraud from false representations to the plaintiff, evidence that defendant made the same representations to another person after the cheat had been accomplished, is admissible, not as substantive proof of the statements, but to identify the agency by which the fraud was committed, and to show that plaintiff had not misunderstood the defendant, and because in cases of fraud a wide range of examination is allowed.

Where testimony is competent for one purpose, it is properly admitted in the absence of any request limiting its application.

Where, at the beginning of a trial, the judge informed a party how he should rule as to the measure of damages, and the party made no objection and offered no suggestion in his requests for instructions, he could not properly assign error on a charge embodying the same views.

Interest is allowable as damages for falsely representing the value of land traded to the plaintiff for other lands, where the difference in their value does not adequately redress the fraud.

Error to Ingham. Submitted April 20 and 21. Decided June 11.

| | |
|---|---|
| 43 | 623 |
| 94 | 193 |
| 43 | 623 |
| 95 | 349 |
| 43 | 623 |
| 97 | 29 |
| 43 | 623 |
| 99 | 252 |
| 43 | 623 |
| 104 | 630 |
| 43 | 623 |
| 107 | 357 |
| 43 | 623 |
| 113 | 129 |
| 43 | 623 |
| 126 | 643 |
| 43 | 623 |
| 153 | 5115 |

Trespass on the case. Defendant Cook brings error.

*R. C. Dart* and *G. T. Gridley* for plaintiff in error. A plaintiff cannot notice for trial a case against several defendants only part of whom have appeared, until interlocutory judgment is entered against those who have suffered default, *Cuddeback v. Fanely* 2 Wend. 624; nor can he discontinue as against them and proceed against the rest without amending his declaration, *Ballou v. Hill* 23 Mich. 60; *Mumford v. Fitzhugh* 18 Johns. 457.

*M. V. & R. A. Montgomery* for defendant in error. Where a case is set down for trial at the request of a party he is estopped from objecting to proceed on the ground that some of the defendants have not been served, 1 Burr. Prac. 69–71; Hilliard on Remedies for Torts 197 § 15.

Graves, J. This is a writ of error brought by Cook to reverse a judgment given against him in the circuit court for the county of Ingham. Perry brought a special action on the case against Calvin Faling, Matilda J. Faling and the plaintiff in error, for an alleged cheat by which he was induced to convey valuable premises in Ingham county to Mrs. Faling, in exchange for lands in Jackson county nearly or quite worthless.

The declaration contained two counts, and averred that the defendants conspired together and were confederates in the perpetration of the fraud. Faling and wife were not served and did not appear; but the plaintiff in error pleaded the general issue. The case being noticed for trial at the May term in 1879, the counsel for Cook on the first day requested the court to set the trial down for a day certain, and the court complied and designated the 20th day of the month. At that time it was called up, and the counsel for plaintiff in error then objected that it was not in readiness because the defendants Faling were in the record and had not been brought in. Whereupon the opposing counsel asked

leave to discontinue as to those defendants, and to be permitted to prosecute against Cook alone; and the court gave leave and the cause was discontinued as to said two defendants.

Whether it was or was not strictly regular to notice the cause for trial in the condition of the proceedings is a matter of no importance. The trial was appointed by consent, and the other defendants were dropped. All ground of objection was cut off. *Berresford v. Geddes* L. R. 2 C. P. 285. The failure to have the discontinuance entered in the record is of no consequence. The omission is rendered harmless by the statute (Comp. L., §§ 6049, 6052, 6051, subds. 12 and 13). *Berresford v. Geddes supra; Com. v. Taylor* 113 Mass. 1. The neglect of a formal amendment of the declaration is equally unimportant. *Emery v. Whitwell* 6 Mich. 474; Tidd's Prac. 955.

The court was asked to confine the defendant in error to one of the two counts, and to compel him to elect the one on which he would proceed. This was refused, the court stating at the same time, however, that he should restrict the jury on the subject of damages to the value of the property Perry parted with, and would not permit the value of the property he understood he was bargaining for to be made a criterion of damage.

It was not matter of right to have the plaintiff compelled to elect between the counts of the declaration. The union of different statements is allowed by the rules of pleading, and there was no misjoinder of counts or of causes of action. The action of the court is not reviewable.

The objections brought against the declaration for want of certainty and other faults of the like nature are entirely ineffectual.

There is no defect of substance, and whatever inaccuracies may be suggested, they should have been met by demurrer. They are to be considered now as waived or cured by the statute. Comp. L., ch. 190; Tidd's

Prac., 459, 460, 954 et seq.; *Hatheway v. Sackett* 32 Mich. 97; *Van Middlesworth v. Van Middlesworth* id. 183; *Reynolds v. Lounsbury* 6 Hill 534; *Huntress v. Burbank* 111 Mass. 213; *Upham v. Damon* 12 Allen 98; *State Ins. Co. v. Todd* 83 Penn. St. 272; *Nichols v. Poulson* 6 Ohio 305; *Campbell v. New England, Mut. L. Ins. Co.* 98 Mass. 381, 400.

The defendant in error had sworn to certain statements Cook had made to him relative to the location, character and ownership of the land to be received in exchange for the premises to be transferred to Mrs. Faling, and which the defendant in error claimed he relied on as true, and found to be false. After the exchange was made, but before the fact was known to Cook, and after the cheat had been discovered, a son of defendant in error sought an interview with Cook, in the assumed character of a stranger, to draw from him, as the witness claimed, a repetition of the representations previously made to his father, and he was allowed to give his version to the jury of what then occurred, and except in one or two particulars it ascribed to Cook the same representations in substance as had been sworn to by defendant in error. The exceptions were in favor of the defense. This evidence was allowed against the objection that the "talk took place long after the trade was consummated and deception perpetrated, and that it was incompetent to show what Cook said subsequently."

It was not error to overrule this objection. The ground that the negotiation had taken effect was not a valid reason for a total exclusion of the evidence. It is obvious that it could not be used as substantive proof of the alleged false statements constituting the fraud and causing the injurious result. The mischief had been done, and it could not possibly be charged to subsequent falsehoods. But evidence which is not admissible for one purpose is often lawful for another, and it is not uncommon to make proof of matters occurring after the consummation of the wrong, in order to identify the

agency which produced it, or fortify the antecedent indications. *Respublica v. Hevice* 3 Wheeler Crim. Cases 505, 507, 508; *Reels v. Knight* 8 Mart. (La.) [N. S.] 267; *Jackson ex dem. Hooker v. Mather* 7 Cow. 301. Where the- question being tried is whether a fraud has been committed, the law allows a wide range of examination. Wheaton Ev. § 33 and cases cited: *Castle v. Bullard* 23 How. 172; *Lincoln v. Claflin* 7 Wall. 132; *Butler v. Watkins* 13 Wall. 456; *Rea v. Missouri* 17 Wall. 532.

As this testimony, so far as it favored the defendant in error, went to show that Cook gave in substance the same representations to the witness that defendant in error had sworn to, it tended to show that the latter was correct in his account of .what Cook said in his interview with him. It conduced to satisfy the jury, if they believed the witness, that defendant in error had not misunderstood the plaintiff in error, or misreported his representations. And in this view, at all events, it was competent. And being competent for one object its allowance was proper. No request was made for confining its application, and hence no point arises on that subject. We are to presume it was correctly applied.

The objections to the declaration, with reference to which the fourteenth and fifteenth requests to charge were preferred, have been disposed of, and it follows that the allegations of error based on the refusal of those requests must abide the fate of the objections and that no special comment is necessary.

Complaint is made of the instructions in regard to damages. It was shown that four of the lots Perry conveyed to Mrs. Faling were under a mortgage for $275, accompanied by the note of Perry & Son, and that these lots were by the arrangement transferred subject to the mortgage; but that Perry & Son had been since compelled to pay and satisfy the note. The judge told the jury that if Perry was entitled to recover, the proper measure of damages would be the actual value of the lands transferred by him, with interest, and without ref-

erence to the mortgage. The record discloses that when at the opening of the trial, and in passing on an objection that the declaration claimed the value of the property bargained for as well as the value of the property parted with, the judge informed the plaintiff in error that he should rule that the value of the lands Perry transferred, and not the value of the others must be the guide in getting at the damages, the plaintiff made no objection and to all appearances entirely acquiesced; and notwithstanding a great many requests to charge were made at the close, nothing to the contrary was suggested. The judge was hence led to assume by the attitude and silence of the plaintiff in error that the view suggested in respect to the question of damages was accepted. Such being the case the ruling is not a fit ground for alleging error. *Morrish v. Murrey* 13 M. & W. 52; *Martin v. Great Northern Rw. Co.* 30 E. L. & E. 473: 16 C. B. 179; *Boeklen v. Hardenbergh* 60 N. Y. 8; *Lincoln v. Lincoln* 12 Gray 45; *Milk v. Middlesex R. R. Co.* 99 Mass. 167; Broom's Max. 131, 132; Whart. Max. 20.

But there is likewise room for another answer. There is no ground for contending that the recovery is larger than it would have been if the value of the property alleged to have been bargained for by Perry had been taken as a basis, and certainly no objection could have been urged to that course. The mortgage debt had been discharged by Perry and was no longer in the way. The whole property, without any deduction, was gone, and it does not appear from the case that any valuable recourse against any one remained to Perry to effect a distinct recovery of the amount paid on the note. The defendant in error maintained that the deed received by him conveyed no title whatever, and moreover that the land described in it was substantially worthless, and the case shows nothing different. The land claimed to have been bargained for is shown to have been worth at the least nearly if not quite $3000, and with interest added considerably more than the amount of damages given by

the jury; and at the last term we decided in *Snow v. Nowlin,* ante p. 383, that interest in such a case was allowable.

What has been said affords an answer to all the points contended for in argument, and results in showing that no ground for a reversal of the judgment is presented, and it is affirmed with costs.

The other Justices concurred.