JAMES M. MILK *vs.* MIDDLESEX RAILROAD COMPANY.

A bill of exceptions to the refusal by the judge, at a trial, of a prayer for instructions to the jury framed on the assumption that a certain rule of law was applicable to the case, showed that he had already instructed them, without objection, that such rule was not applicable, but that another rule was so. To such evidence as was stated in the bill either rule was applicable; but the bill did not purport to recite the whole evidence. *Held,* that the exceptions must be overruled on the ground that it did not distinctly appear that the instructions prayed for were appropriate or pertinent.

TORT for injuries incurred through negligence of servants of the defendant corporation. Trial in the superior court, before *Brigham,* J., who allowed a bill of exceptions substantially as follows :

The plaintiff introduced evidence tending to show that he was at a house on Main Street in Charlestown, through which street the defendants have a double track for their street railroad, when one of the defendants' cars was signalled to stop to take him as a passenger to Boston; that it did stop, on the track furthest from the house ; and that in crossing the street to reach it he was struck and injured by the horses or the pole of another car of the defendants, which was coming from Boston on the nearer track. He also introduced evidence tending to show that he exercised due care. There was conflicting evidence as to the

rate of speed at which the car was driven at the time of the injury, the plaintiff's testimony tending to show that it was as great as ten miles per hour; the defendants' testimony, that it did not exceed six miles. There was also conflicting evidence as to whether at the time of the injury the front platform of it was occupied by a number of persons, or by the driver alone. Some of the defendants' evidence also tended to contradict the testimony introduced by the plaintiff that the car which he proposed to take for Boston had come to a full stop.

"The court instructed the jury that the defendants were liable to a suit for such damages as would indemnify any person who was injured, while in the exercise of due care, by their improper and careless running of their cars upon their tracks; that this was the general rule, but not applicable in this case; that in this case the plaintiff's right to recover depended on his proving that, when one of the defendants' cars had come to a full stop and was standing on their track to receive the plaintiff as a passenger, another car of the defendants, proceeding on their track, parallel to the track upon which their car was standing to receive the plaintiff as a passenger, passed or was passing said standing car at a rate of speed faster than a walk, and, while the plaintiff was proceeding to said standing car, said passing car, by the act of passing at a greater speed than a walk, struck and injured the plaintiff.

"To the foregoing rulings no exceptions were taken. But the plaintiff asked the following further instructions: If the plaintiff, while proceeding with due care to the defendants' car, for the purpose of entering the same as a passenger, was struck and injured by another car of the defendants proceeding at an improper or excessive speed on a track of the defendants, parallel to the track upon which was the car which the plaintiff was proceeding to enter, the plaintiff might recover in this action, notwithstanding the car which the plaintiff was proceeding to enter was not standing or had not come to a full stop on the track where they were."

This prayer for instructions the judge refused; and the verdict was for the defendants. The plaintiff alleged exceptions.

*B. Dean*, for the plaintiff.

*L. M. Child*, for the defendants.

FOSTER, J. It is much to be regretted that the bill of excep-tions is drawn with such brevity and ambiguity that counsel do not agree, and this court finds it difficult to ascertain, what was the real aspect of the cause at the trial, with reference to which the learned judge gave the instructions reported and declined to grant the prayer of the plaintiff for further instructions. The refusal to give a specific additional ruling is the only exception presented to our consideration.

The debate at the bar has been upon the true meaning and construction of the bill of exceptions. The defendants contend that the trial proceeded exclusively on the ground that the cor-poration was guilty of culpable negligence, by violating the St. of 1864, *c.* 229, § 36, which provides that " no street railway car shall pass another car standing to receive or deliver passengers in a parallel track in the same street at a rate of speed faster than a walk." If this be true, the plaintiff's prayer for instruc-tions was wholly inapplicable to the case. On the other hand, the plaintiff contends that the trial proceeded also on the ground that the defendant corporation was liable for negligence at com-mon law, because its car was driven at an improper and exces-sive rate of speed and the plaintiff was thereby injured. If this claim is right, it is conceded that the plaintiff was entitled to substantially the instructions which he asked for and which were refused.

Justice to the party who prevailed and to the judge who pre-sided at the trial requires that the excepting party shall be held responsible for all imperfections in this bill of exceptions, and that no new trial should be granted unless he clearly shows that the instructions asked for were pertinent to the case. Bearing in mind this principle, the court are led to conclude that the plaintiff has no just cause of complaint. To the instructions actually given he takes no exception. These were, in sub-stance, that, by the general rule of law, the corporation would be liable to any person who while using due care was injured by the improper and careless running of its cars. And this

statement is tantamount to the subsequent ruling specially requested by the plaintiff. But the presiding judge proceeded to say that this rule was inapplicable to the case on trial in which the plaintiff's right to recover depended upon his proving a failure by the corporation to comply with the statute quoted above.

If the plaintiff had intended to rest his case on any other ground, it was his duty after such a ruling to point out the fact distinctly to the judge, and to except to the statement as to the nature of the question upon trial. Inasmuch as he failed to do so, we do not think that his subsequent prayer can be interpreted as an application to the court to submit a different and additional issue to the jury. It rather seems to have been a request for further instructions relative to the same issue. In that aspect it was properly refused. We are not satisfied that the plaintiff undertook to maintain his action on any other ground than a violation of the duty imposed by the St. of 1864.

Because it does not distinctly appear that the instructions asked for were appropriate and pertinent to the case, the

*Exceptions are overruled.*