## HARRISON G. GHENN & wife *vs.* INHABITANTS OF PROVINCETOWN.

In an action by a man and his wife on the Gen. Sts. *c.* 44, § 22, for an injury occasioned to her by a defect in the plank sidewalk of a highway, she testified that she was travelling on the sidewalk in the evening, when she stepped into a certain hole between the planks and was injured. *Held,* that it was competent for him to testify afterwards, that there were other holes in the planks in that vicinity; either in order to show that they were the defect which caused the injury, and she was mistaken in her location of the defective place; or to show that, there being several holes near each other, it was impossible, from the darkness, to tell which of them caused it.

At the trial of an action on the Gen. Sts. *c.* 44, § 22, for an injury occasioned to the plaintiff by a hole in a highway, the judge refused a request of the town for an instruction to the jury, that, if they were satisfied that the hole was of the kind and size testified to by its witnesses, it was not liable; and instructed them that it was for them to determine whether by its size and location the hole was a defect; that, if they were satisfied that there was no hole of sufficient size to have caused the accident, then the plaintiff had failed to prove any defect; but if they were satisfied that the accident happened on account of a defect in the way, then, without regard to its size, the town would be liable for the injury, if such defect had existed twenty-four hours or more before the accident and there was due care on the part of the plaintiff. The town alleged exceptions to this ruling, and the bill of exceptions set forth the instruction requested and refused, and the instructions thus given, but did not allege that these were all the instructions which were given. *Held,* that the exceptions must be overruled.

TORT on the Gen. Sts. *c.* 44, § 22, for personal injuries sustained by the female plaintiff while travelling on the sidewalk of a highway in Provincetown. Trial and verdict for the plaintiffs, in the superior court, before *Dewey*, J., who allowed a bill of exceptions of which the following were all the parts relating to the questions which were argued in this court :

"Mrs. Ghenn testified that on the evening of May 14, 1869, as she was going from her shop to her home over the way, in passing over a plank sidewalk she stepped into a hole between the planks, turned her ankle, and received the injury complained of, and that the place was in front of Widow Eldridge Nickerson's estate.

"Mr. Ghenn, subsequently called, testified to having seen a hole in the sidewalk in front of said Nickerson estate two weeks before the time of the accident. He then, in answer to a question by the plaintiffs' counsel, (against the objection of the defendants,) testified that he had seen other holes in the plank walk, in the vicinity of the one first testified of, but in front of the estate of John Nickerson.

"The judge ruled that the evidence of the existence of other defects in the sidewalk, except the one which caused the accident, was not admissible to show a liability on the part of the defendants ; but that, in determining the position of the hole which caused the injury, the jury were not limited to the evidence as to the one testified of by the female plaintiff.

"There was evidence on the part of the defendants, tending to show that the sidewalk was composed of two and a half inch plank, lying lengthways, and firmly bedded in the soil, or resting on it ; that the defect complained of was caused by the decay of the edges of two of the planks that were laid within about half an inch of each other ; that the space between the extreme edges of the decayed portions of said plank was one inch and one half, including the space between the planks, and no more ; that the decay had extended downwards one inch, and no more, and lengthways about three feet ; and that the space for about eight inches in length was one and a half inches wide and one inch deep, and gradually narrowed to the end.

" The defendants requested the judge to instruct the jury, that, if upon the whole evidence they were satisfied that the defect complained of was of the kind and dimensions before named, the town would not be liable therefor and the sidewalk would not be dangerous within the meaning of the law. The testimony on the part of the plaintiffs as to the size of the hole was conflicting with that introduced by the defendants. The judge declined so to instruct, but instructed them that it was a question for the jury whether there was a hole in the sidewalk, and whether from its size and location it was a defect; that if the evidence satisfied them that there was no hole there of sufficient size to be the cause of the accident or injury to the female plaintiff, then the plaintiffs had failed to prove any defect; but if the jury were satisfied that the accident happened to the plaintiff on account of a defect in the walk, then without regard to its size the defendants would be liable for the injury to the plaintiff if such defect had existed twenty-four hours or more before the accident, and the plaintiff was herself in the exercise of due care at the time. To which rulings the defendants except."

*J. M. Day*, for the defendants.

*F. A. Perry*, for the plaintiffs.

MORTON, J. 1. The first exception is to the admission of the testimony of the male plaintiff, as to holes in the sidewalk other than the one testified to by his wife as being in front of the house of Widow Eldridge Nickerson. We have not before us a report of the evidence at the trial, and it is difficult from the bill of exceptions to see the precise aspect of the case with reference to which this testimony was offered. It may have been offered upon the ground that the holes testified to by him were the defect which caused the injury, and that his wife was mistaken in its location. Such mistaken testimony would not preclude the plaintiffs from showing that the defect was in fact elsewhere. Or it may have been offered upon the ground that, there being several holes near each other, it was impossible, from the darkness of the night or some other cause, to tell which of them caused the injury. Upon either ground the testimony would be admissible. As the bill of exceptions does not show that the tes-

timony was improperly admitted, this exception must be overruled. *Milk* v. *Middlesex Railroad Co.* 99 Mass. 167. *Hewes* v. *Hanscom,* 10 Gray, 336.

2. The only other exception which was argued is to certain instructions of the presiding judge to the jury. There was conflicting testimony as to the size of the hole which caused the injury. The defendants asked the court to instruct the jury, that, if they were satisfied that the defect complained of was of the kind and dimensions testified to by the defendants' witnesses, the town was not liable. The court refused this request, but instructed them "that it was a question for the jury whether there was a hole in the sidewalk, and whether from its size and location it was a defect; that if the evidence satisfied them that there was no hole there of sufficient size to be the cause of the accident or injury to the female plaintiff, then the plaintiffs had failed to prove any defect; but if the jury were satisfied that the accident happened to the plaintiff on account of a defect in the walk, then without regard to its size the defendants would be liable for the injury to the plaintiff, if such defect had existed twenty-four hours or more before the accident, and the plaintiff was herself in the exercise of due care at the time." The instruction requested was properly refused. It was a question of fact for the jury under proper instructions, whether the size and location of the hole were such as to make the road defective. The only doubt is, as to the correctness and sufficiency of the instructions given upon the point embraced in the request. If we are to assume that the instructions above cited were all the instructions given to the jury upon the question of a defect, they would be open to objection, because they might lead the jury to infer that any hole which was large enough to cause the accident would render the town liable. This would not be a correct statement of the law. There may be holes or obstructions in a road which cause an injury to a traveller, but which are not defects. It is for the jury to decide, upon all the evidence, whether the obstruction proved is of such a nature as to render the road dangerous for travellers, and the fact that the plaintiff has been injured on account of it does not necessarily show that it is a defect. But this bill of

exceptions does not purport to set forth all the instructions given at the trial, but only those which were applicable to the particular subject embraced in the defendants' request. It is to be presumed that full and correct instructions were given as to what must be proved in order to make a road defective. In this view, it is not a fair construction of this bill of exceptions, to say that the instructions authorized the jury to hold the town liable merely because there was a hole large enough to cause the accident. They required them to find that the accident to the plaintiff happened on account of a defect in the walk, and they must have found that the hole proved was of such character and location, whatever its size, as to make the sidewalk dangerous to travellers using due care. For these reasons a majority of the court is of opinion that this exception cannot be sustained.

*Exceptions overruled.*