EPAMINONDAS WILSON *vs.* WILLIAM A. LAWRENCE
& another.

Suffolk. March 9. — May 13, 1885. W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

No exception lies to the refusal to give a ruling requested, which is not shown by
the bill of exceptions to be required by the circumstances under which the case
was presented to the jury, and to be pertinent to the issue.

In an action for breach of an implied warranty in the sale of a piano, it appeared
that the plaintiff, who was a dealer in pianos, bought a piano of the defendant,
who was a manufacturer of pianos, and who knew that the plaintiff intended to
offer the piano for sale; that, soon after the sale, the case of the piano, which
was made by a third person and sold to the defendant, began to check, and,
in consequence thereof, the piano could not be sold except at a reduced price.
The judge instructed the jury, that there was no implied warranty as to the
quality of the piano; and that the defendant was only bound to furnish an
instrument which was merchantable and salable as a piano, and which might
be sold at some price as a piano. *Held*, that the plaintiff had no ground of.
exception.

CONTRACT for breach of warranty in the sale of a piano. Trial
in the Superior Court, before *Blodgett*, J., who allowed a bill of
exceptions, in substance as follows :

At the time of the alleged contract the defendants were en-
gaged in the manufacture of pianos, and the plaintiff was a dealer
in pianos, both parties carrying on their business in Boston. On
January 6, 1883, the plaintiff ordered a piano of the defendants,
who, at the time of taking the order, knew that he intended
to offer the same for sale in his warerooms. There was evidence
that, soon after the piano was delivered to him, the rosewood
with which the case was veneered began to check, and that, by
reason of the checking, which he contended was due to poor
workmanship and the use of poor materials, the piano could
not be sold, in the usual course of business, except at a reduced
price. The case was not made by the defendants, but was made
and veneered by a manufacturer of piano cases, by whom it was
sold to the defendants, and the defendants at the time of the sale
to the plaintiff had no knowledge of the alleged defect; and it
was not contended that in making the sale there was any fraud
on their part.

The plaintiff contended that the piano was sold to him with
an express warranty; and, further, that, if the jury found there

was no express warranty, he was entitled to maintain this action on the ground of an implied warranty, and asked the judge to instruct the jury as follows :

" 1. Where a person manufactures an article and sells it for a particular purpose, the law implies a warranty that it is fit and proper for that purpose ; and there is no exception as to latent undiscoverable defects. 2. Where a manufacturer undertakes to supply goods manufactured by himself, or in which he deals, but which the vendee has not had the opportunity of inspecting, it is an implied term in the contract that he shall supply a merchantable article ; and there is also an implied warranty by the vendor, as the manufacturer, against such defects as are not apparent by inspection. 3. If a man buys an article for a particular purpose, made known to the seller at the time of the contract, and relies upon the skill or judgment of 'the seller to supply what is wanted, there is an implied warranty that the thing sold will be fit for the desired purpose. 4. If a man sells generally, he undertakes that the article sold is fit for some purpose ; if he sells it for a particular purpose, he undertakes that it shall be fit for that particular purpose. Therefore, if the defendants sold the piano in question to the plaintiff as a dealer in such instruments, and to be by him offered for sale, there was an undertaking on the part of the defendants to furnish the plaintiff such a piano as could be properly sold to the public in the ordinary course of trade ; and if the defendants undertook to furnish a first-class piano to the plaintiff, then they must be held to furnish such an instrument as the plaintiff could properly offer and sell to the public as a first-class piano ; and if the piano in question was not such a one as the defendants were bound to give the plaintiff, then there was a breach of warranty, for which the defendants are liable."

The judge declined to give any of the foregoing requests for rulings, but, among other instructions which were not excepted to, instructed the jury that, in the absence of any express warranty, there was no implied warranty as to the quality of the piano, and the defendants were only bound to furnish an instrument which was merchantable and salable as a piano, and which might be sold at some price as a piano.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*E. B. Powers*, for the plaintiff.

*E. H. Pierce*, for the defendants.

DEVENS, J. The argument of the case at bar, and the rulings requested by the plaintiff at the trial in the court below, to the refusal to give which exception is taken, assume many facts to have been shown, and much evidence to have been given, which do not appear in the bill of exceptions. No ground of exception is afforded by the refusal to give instructions requested, unless it appears that they were required by the circumstances under which the case was presented to the jury, and were pertinent to the issue. *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544.

The plaintiff was a dealer in pianos, and the defendants were engaged in their manufacture. The first request assumes that the article, for breach of a contract of warranty in the sale of which the action is brought, was manufactured and sold for a particular purpose, when all that appears by the bill of exceptions is that the defendants knew that the plaintiff was a dealer in pianos. The second and third requests assume that no opportunity was offered the plaintiff of inspecting the piano, that he did not do so, and that he relied upon the skill and judgment of the seller. The fourth request assumes that the defendants undertook to furnish a first-class piano, one capable of being sold as such. But the bill of exceptions does not set forth facts or evidence that show that these requests were relevant. So far as the fourth request relates to the duty which the defendants owed the plaintiff, in view of the fact known to them that he was a dealer, and that the instrument would be offered for sale, it was dealt with in the instruction actually given. While none of the instructions requested were given, others not excepted to were given, which we must therefore hold to have been appropriate to the case. The jury were further instructed, by which instruction the plaintiff deems himself to have been aggrieved, " that, in the absence of any express warranty, there was no implied warranty as to the quality of the piano, and the defendants were only bound to furnish an instrument which was merchantable and salable as a piano, and which might be sold at some price as a piano "

All that the plaintiff had proved, so far as the facts are developed to us, was that the defendants, manufacturers, had contracted to sell him a piano, and had delivered the same, with knowledge on their part from which it was fairly inferrible by them that the plaintiff proposed to sell it again. The plaintiff had not shown that it was to be of any particular class or quality of instrument; and that there are great differences in these respects is a matter of common knowledge. Without undertaking to discuss the numerous cases on this subject, it is sufficient to say that it has long been held in this Commonwealth, that, without express warranty or actual fraud, every person who sells goods of a certain denomination or description undertakes, as a part of his contract, that the thing delivered corresponds to the description, and is in fact an article of the species, kind, and quality expressed in the contract of sale. *Winsor* v. *Lombard*, 18 Pick. 57. When, therefore, one has stipulated for species and kind only in an article purchased, he is entitled to no remedy for any deficiency in quality unless the species and kind stipulated for necessarily imply the affirmation that it has a certain quality inconsistent with the defects claimed. Even where the vendee might, with proper care, have discovered the real nature of the article by examination, he may rely on the affirmation of the vendor, who will still be liable if it varies in kind from the description given in his contract. *Henshaw* v. *Robins*, 9 Met. 83. *Mixer* v. *Coburn*, 11 Met. 559.

Strictly speaking, a warranty is an express or implied statement of something which the party undertakes shall be a part of the contract, and yet, though a part of the contract, is collateral to the express object of it. *Chanter* v. *Hopkins*, 4 M. & W. 399. *Mansfield* v. *Trigg*, 113 Mass. 350, 355. But selling an article by a particular description is often called a warranty in the cases on this subject, and the failure in any respect to furnish the article described, a breach of warranty. Where one sells an article for a particular purpose, and undertakes that it shall be sufficient for the purpose, it is a breach of his contract if it is not so. The case does not materially differ when, having full knowledge of the purpose of the purchaser, that purpose is adopted as the basis of the contract, either by express language or in any other way. But unless the vendor undertakes, in some form,

that the article shall be sufficient for the purpose, he is not responsible, even if he know the purpose for which the purchaser intends to use it. A purchaser may certainly buy that which is not fit for his purpose, — as rope which is not heavy enough for the rigging of his ship, or to draw his seine, — without any responsibility on the part of the vendor by reason of its insufficiency.

By undertaking to comply with the order of the plaintiff, who was a dealer, for a piano, the instruction held that the defendants were bound to furnish him one which was merchantable and salable. It inferred, from the position of the parties, that the piano was to be sold again, and required of the defendants one that was adapted for that purpose. If the plaintiff was desirous of one of any particular quality, in tone, workmanship, or other characteristics of such instruments, he should have included them in the description which his order gave. In the case at bar, the order was not for an instrument of any described class or quality, but for a piano, simply. Nor is it easy to perceive that, by reason of the fact that the defendants were manufacturers, they should have been held to any higher degree of responsibility than that required by the instruction. Whether the defect which was discovered after the instrument had been in the plaintiff's rooms a short time, that of the " checking " of the piano case, was occasioned by inferior workmanship or not, the jury have found that it was a merchantable and salable article. No question was presented by the requests as to the extent to which the defendants were responsible for inferior workmanship. The defendants were not bound to manufacture nor to furnish more than a merchantable article, under the contract as made.                    *Exceptions overruled.*