ALLEN D. SNOW *vs.* CHARLES W. TERRETT.

Hampden.　　September 22, 1896. — January 14, 1897.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Exceptions not showing Error of Justice in declining to give Request — Agreed Facts.*

If a bill of exceptions does not show that the presiding justice was wrong in declining to give a request, it is not necessary to consider whether it is correct as an abstract proposition of law.

TORT, for the conversion of personal property. Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the plaintiff ; and the defendant alleged exceptions, the nature of which appears in the opinion.

*J. J. Nelligan*, for the defendant.

*A. S. Kneil & R. J. Morrissey*, for the plaintiff.

BARKER, J. The case was tried without a jury, and the single exception was to the refusal to give a ruling requested by the defendant. Appended to the bill of exceptions is an agreed statement of facts, but the case was not tried upon it. It is in

part a statement of facts, with which, as we infer, the court in making its finding dealt as uncontested, and in part a statement of evidence given at the trial. The only question properly raised here is whether the ruling asked for should have been given.

The action is for the conversion of logs and lumber. From the agreed statement it appears that Charles and Frederick Snow owned logs, some of which they had delivered at Soule's mill, and the others at Goodboe's mill, to be sawed into lumber. Before any logs were sawed, Charles and Frederick sold them all to Allen D. Snow, and delivered him the logs by going with him to the mills, where, in the absence of the owners of the mills, the vendors and vendee looked over the logs, the vendee marking with his initials some of those at Goodboe's mill. After this delivery, and after the logs at Soule's mill had been sawed, and before any of those at Goodboe's mill had been sawed, the defendant attached the boards and logs as the property of Charles and Frederick Snow, upon a writ against them, and subsequently sold the logs and boards upon execution in pursuance of the attachment.

No one notified Soule of the sale to Allen D. Snow, and Soule had no knowledge of that sale until after the attachment, and neither Soule nor Goodboe was at any time notified by Allen D. Snow himself that he owned the logs. In addition to these facts, the agreed statement recites that, after the attachment and before the execution sale, the defendant was notified by Allen D. Snow that the logs had been sold to him by Charles and Frederick Snow, and were his property. The statement further recites certain conflicting evidence as to the logs at the Goodboe mill, from which it seems that the court could have found that Goodboe had notice of the sale to Allen D. Snow, or that he had no such notice, or that some one in charge of the mill under Goodboe not only had notice of the sale, but expressed a willingness to saw the logs which were there, if Allen D. Snow would pay for the sawing.

The finding for the plaintiff was, as we infer, for the conversion of the lumber and logs at both mills.

The ruling requested was " that no legal possession of said logs and lumber could be given by the alleged seller to the alleged buyer of said logs and lumber, while in the possession of a third

person or bailee, unless the alleged seller and buyer and bailee all joined in the agreement, and the bailee attorn to and become agent of the buyer." We construe this to mean that the sale and delivery to Allen D. Snow would not give him a title which he could maintain against the subsequently attaching creditor of his vendors, unless the proprietors of the mills where the logs were not only had knowledge of the sale, but consented to keep the logs as the property of the purchaser.

The bill of exceptions does not show that the presiding justice was wrong in declining to give this request, and it is not necessary to consider whether it is correct as an abstract proposition of law.

There is nothing to show that the mill yards were not, as is usually the case with country saw mills, open places to which all persons had free access, and where any owner of logs to which no lien had attached might, without committing a trespass or infringing any right of the mill owner, do what he chose to his own logs. Nor is there anything to show that when the sale to the plaintiff was made the mill men had any liens. Under these circumstances, there was no such actual and exclusive possession of the logs by the mill men as to require the presiding justice to consider or pass upon the legal question which lies at the foundation of the ruling requested.          *Exceptions overruled.*