DENNIS W. SULLIVAN & another *vs.* CHARLES S. FUGAZZI.

Suffolk.   November 15, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Conduct of trial, Exceptions.   *Sale.*

Where by an order of court an action by a buyer of goods against the seller
for the non-delivery of and delay in delivering the goods is tried together with
an action by the same plaintiff against the railroad company by which the
goods were transported, and the seller testifies as a witness in his own behalf,
after he has been cross-examined by the plaintiff, the presiding judge in his
discretion, against the objection of the witness, may allow the railroad com-
pany to cross-examine him in its own interest; and to such exercise of discre-
tion no exception lies, especially where the testimony elicited is not reported
and the excepting party fails to show that he has been injured by the ruling.
In an action by a buyer of goods in transit, which the seller undertook to transfer
by the indorsement and delivery of the bills of lading, against the seller for non-
delivery of the goods, where the plaintiff contends that the defendant, either
undertook to deliver the goods absolutely, or, if he merely agreed to transfer
the bills of lading properly and to give the necessary orders to the carrier, he
had failed to give such necessary orders, the presiding judge properly may re-
fuse to give instructions to the jury as to the duties of a common carrier of
freight in regard to delivery which, however correct they may be as abstract
propositions of law, are inapplicable to the case.

CONTRACT, the first count for $770 for money had and re-
ceived, the second count for $275 damages for the non-delivery
of a car load of peaches for which the plaintiff had paid the
defendant $770, the third count for $252 damages for delay in
the delivery of and consequent damage to another car load of
peaches for which the plaintiff had paid the defendant, and the
fourth count for $1,297 on an account annexed, combining the
claims set forth in the first three counts.   Writ in the Munici-
pal Court of the City of Boston dated September 23, 1902.

On appeal to the Superior Court the case was tried before
*Stevens*, J. together with another case between the same plain-
tiffs and the New York, New Haven and Hartford Railroad Com-
pany as defendant.   The following facts appeared in evidence:
The plaintiffs were dealers in fruit, doing business under the
name of George H. Chessman and Company in Boston.   The
defendant was a peach grower having plantations in various

parts of the South. The plaintiffs' agent, Charles J. Milligan, in the summer of 1903, met the defendant in Plainville, Georgia, and bought from him two car loads of peaches. Both car loads were then in transit. The first car load originally had been consigned to Winn, Ricker and Company at Boston, but had been diverted to the defendant at Springfield. The second car load was consigned directly to the defendant at Boston. The first car load never was delivered to the plaintiffs, and the second was received by them only after considerable delay.

Testimony regarding the sale was given both by the plaintiffs' agent Milligan and by the defendant. The plaintiffs' contention at the trial was that the defendant agreed to deliver the two car loads of peaches to the plaintiffs in Boston and guaranteed that there should be such delivery, while the defendant's contention was that he agreed to do only what ordinarily was necessary for the purpose of diverting the cars so that the railroad company should deliver them to the plaintiffs, and that he did in fact do what ordinarily was necessary. The case was left to the jury to determine whether the contract was as contended by the plaintiffs, or, in case the contract was as contended by the defendant, whether the defendant had failed to exercise the ordinary diligence which he had agreed to use.

At the trial of the case, after the plaintiff had rested, it was agreed that the defendant Fugazzi should put in his case first, and that the defendant the New York, New Haven and Hartford Railroad Company should put in its case after the defendant Fugazzi had rested. The defendant Fugazzi was called as a witness for himself in the case against him, and, after his direct examination by his attorney, was cross-examined by the attorney for the plaintiff. Then the attorney for the New York, New Haven and Hartford Railroad Company, the defendant in the other case, started to cross-examine the defendant Fugazzi in the interest of its own case. The judge allowed this procedure, against the objection and exception of the defendant Fugazzi.

The defendant made twenty-one requests for rulings, of which the following only are material, the others either having been given in form or in substance by the judge, or the exceptions to their refusal having been waived:

No. 8. It is the carrier's duty primarily to deliver to the owner of the goods, or the party entitled to receive them, and since the property in and title to the goods go with a transfer of the bill of lading where one has been issued, delivery must be made to the holder of the bill, and the carrier is liable for a delivery of the bill, although he may be the consignee.

No. 9. If the jury find that the defendant properly indorsed both bills of lading to the plaintiff and therefore delivered those bills of lading to the agent at Plainville, Georgia, the plaintiff cannot recover.

No. 14. The carrier's duty to deliver to the proper party is absolute, and nothing will excuse a delivery to any other party.

No. 16. Bills of lading are always transferable so as to place the title to the goods in transit, and this is as effectual as if the goods themselves were delivered to the consignee.

No. 17. When property properly packed is sent on its way from one common carrier, and in order to reach its destination must be sent through other common carriers, the last carrier is liable for any injury which may result to the property.

No. 18. If a common carrier, receiving goods at the destination billed by the shipper, under any circumstances delivers the goods to the wrong party, the common carrier is liable for conversion of the goods.

The above rulings were refused by the judge.

The jury returned a verdict for the plaintiffs in the sum of $1,137.40; and the defendant alleged exceptions.

*C. W. Ford*, (*E. M. Schwarzenberg* with him,) for the defendant.

*A. Lincoln*, for the plaintiffs.

BRALEY, J. The plaintiffs' cause of action, whether against the defendant, or the railroad company, was for a failure to deliver the peaches either according to the contract of sale or of carriage, and the order that the actions should be tried together rather than separately was not only proper but discretionary with the trial court. *Springfield* v. *Sleeper*, 115 Mass. 587. *Burt* v. *Wigglesworth*, 117 Mass. 302. *Commonwealth* v. *Robinson*, 1 Gray, 555. *Commonwealth* v. *Miller*, 150 Mass. 69. *Commonwealth* v. *Bingham*, 158 Mass. 169. Within the scope of

such an order is the probability that if one of the parties in the usual order of proof is called as a witness in either case he may give testimony affecting the issues in the other. It does not appear that counsel for the company claimed an absolute right to examine the defendant as an adverse party, for from the language of the exceptions we assume that the cross-examination was permissive. It is impossible to reproduce upon a printed record however perfect the importance of the effect at a jury trial of the shifting aspects of evidence, and the appearance of witnesses. If the defendant had been called by the company as a witness, and had appeared adverse he could have been cross-examined, and, although called in his own favor, the presiding judge upon finding that the company was affected by his evidence may have deemed it expedient to allow such an examination, but, whatever the reason may have been, the orderly conduct of the trial was within his discretion, and the testimony elicited not being reported the defendant fails to show that he has been injured by the ruling. *Beal* v. *Nichols,* 2 Gray, 262. *Jennings* v. *Rooney,* 183 Mass. 577, 579. *Commonwealth* v. *Johnson,* 188 Mass. 382, 385. *Lee* v. *Tarplin,* 183 Mass. 52, 54.

The exceptions to the exclusion of evidence and to the instructions to the jury, not having been argued, require no comment, and there remain the exceptions to the requests for rulings so far as they were not given. But of these only the eighth, ninth, fourteenth, sixteenth, seventeenth and eighteenth are now urged. In dealing with them an embarrassment arises because the bill of exceptions does not purport to contain all the evidence, but it is plain that the principal issue was to ascertain the contract between the parties, the terms of which appear to have depended wholly upon the conflicting testimony of the plaintiffs' buyer, and of the defendant. Upon either view the jury were correctly instructed that if the agreement as alleged by the plaintiffs was proved they would be entitled to recover if there had been a breach by a failure to deliver at Boston, or, if this agreement had not been proved, then, if the contract was, as the defendant contended, only to indorse properly the bills of lading, and give the necessary orders to the carrier that the cars should be sent to Boston con-

signed to the plaintiffs, the defendant would not be liable in damages unless he negligently failed to take such steps as ordinarily would be necessary to accomplish such change and delivery and by reason of his negligence the peaches were finally miscarried. All of the requests refused relate to the duties of a common carrier of freight, and, if correct as abstract propositions of law, they were inapplicable, as the plaintiffs' right to recover did not rest upon the fact that the carrier delivered to a stranger, but on the ground that the defendant either undertook to deliver absolutely, or that upon making a sale of goods in . transit consigned to himself, he failed to give definite orders to enable the carrier to deliver to the plaintiffs. *Milk* v. *Middlesex Railroad,* 99 Mass. 167, 169. *Wilson* v. *Lawrence,* 139 Mass. 318. *Snow* v. *Terrett,* 167 Mass. 457.

*Exceptions overruled.*