SAMUEL HYDE & another *vs.* CITY OF FALL RIVER.

Bristol. October 28, 1907. — December 31, 1907.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Witness*, Cross-examination. *Practice, Civil,* Conduct of trial. *Damages,* For prop-
erty taken or injured by statutory authority.

In the trial of a petition for damages from the abolition of a grade crossing of
a highway, where no land of the petitioner was taken and he is entitled to
recover only such special and peculiar damage as differs in kind from that
suffered by the general public and for that reason is not entitled to recover for
any damage arising from the discontinuance of a portion of the street as a public
way, it is within the discretion of the presiding judge to allow the respondent
to ask the petitioner's expert witnesses in cross-examination whether in their
judgment the decrease in the volume of travel by the elimination of the grades
had not affected the market value of the estate, this exercise of discretion
being proper, whether the question is regarded as an effort to ascertain the ele-
ments of damage upon which the opinion of the witnesses was based, or whether
it is regarded as bearing upon a contention of the respondent that no damage
had been suffered except that which arose from the discontinuance.

In the trial of a petition for damages from the abolition of a grade crossing of a
highway, where no land of the petitioner was taken and he is entitled to recover
only such special and peculiar damage as differs in kind from that suffered by

the general public and for that reason is not entitled to recover for any damage arising from the discontinuance of a portion of the street as a public way, after expert witnesses for the respondent have given opinions expressly excluding any damages from the diminished travel or less convenient access because of the discontinuance, and the petitioner has been permitted to cross-examine the witnesses fully as to the basis upon which their opinions rest, it is a proper exercise of the discretion of the presiding judge to refuse to allow the petitioner to cross-examine the witnesses further for the purpose of obtaining from them an opinion as to how much the estimate given would be increased if damages for the discontinuance were included or to test their soundness of opinion by a comparison between the value given by them and the entire damage suffered from both sources or from the discontinuance alone.

PETITION, filed on December 31, 1902, under St. 1890, as amended by St. 1901, c. 123, now R. L. c. 111, §§ 149–160, for damages to land of the petitioners caused by the abolition of the grade crossing of Ferry Street in Fall River by the railroad of the Old Colony Railroad Company, the change of grade having been made by the construction of a street upon an embankment supported by a retaining wall forty feet away from the land of the petitioners on the opposite side of the street.

The first trial of the case was before *Lawton,* J., who ordered a verdict for the respondent and reported the case for determination by this court. This court, in a decision reported in 189 Mass. 439, ordered that the verdict be set aside on the ground that the petitioners were entitled to recover any special and peculiar damage which their land had suffered.

There was a new trial in the Superior Court before *White,* J. The judge excluded certain questions put by the petitioners to an expert witness of the respondent on his cross-examination, after having allowed the questions which are described in the opinion to be put by the respondent to the expert witnesses of the petitioners.

The questions excluded were as follows:

"What was the value of this property after these changes were made?"

"Have you considered what the value of this property would be if Ferry Street ran under the bridge just as it did before and was open to the water front?"

"Now I ask you, do you think it would make any difference to this property if the street had been left open and these structures built there?"

The jury returned a verdict for the petitioners in the sum of $589; and the petitioners alleged exceptions.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the petitioners.

*H. A. Dubuque,* (*F. S. Hall* with him,) for the respondent.

BRALEY, J. In *Hyde* v. *Fall River,* 189 Mass. 439, it was held that the petitioners could recover for any direct and specific damage caused to their estate by the erection and maintenance of the embankment on the opposite side of the street, but for any inconvenience and injury arising from the discontinuance of a portion of the street as a public way, their damage being of the same kind even if greater in degree than that of the general public, there was no remedy.

At the second trial the petitioners introduced evidence that the rental and present value of the premises as a whole had been very appreciably diminished by the changes wrought through the erection of the embankment and connecting bridges. The changes made, including the discontinuance of a portion of the street, were part of a general plan for the abolition of certain grade crossings, and the respondent, against the objection, but without an exception, of the petitioners, was allowed in cross-examination of the petitioner's expert witnesses to inquire whether the decrease in the volume of travel by the elimination of the grades in their judgment had not affected the market value of the estate. But, if regarded either as an effort to ascertain the elements of damage upon which the opinion of the various witnesses was based, or as bearing upon the contention that no damage whatever had been suffered except that which arose from the discontinuance alone, the extent to which the cross-examination should be pursued was within the sound discretion of the presiding judge. It would seem at first that a similar latitude justly should have been permitted in the questions asked in cross-examination of the respondent's witnesses, to the exclusion of which the petitioners excepted. But there is a distinct difference. The opinions given by them having expressly excluded any damage which followed from the decreased travel or less convenience of access because of the discontinuance, the object of the cross-examination must have been to obtain from them an opinion as to how much the estimate given

would be increased if such damages were included, or to test their soundness of opinion by a comparison between the value given by them and the entire damage suffered from both sources, or from the discontinuance alone. Upon the first ground, the petitioners expressly disclaimed any right of recovery, and after such disclaimer the inquiry became a collateral issue likely not only to confuse, but to mislead, the jury. When the counsel for the petitioners had been permitted fully to examine as to the basis upon which their opinion rested, any further interrogation, in whatever form propounded, also was discretionary. This salutary power to direct the proper course of a trial not appearing to have been unjustly exercised, the petitioners' exceptions are groundless. *Jennings* v. *Rooney,* 183 Mass. 577, 579. *Commonwealth* v. *Johnson,* 188 Mass. 382, 385. *Sullivan* v. *Fugazzi,* 193 Mass. 518.

*Exceptions overruled.*