The repeal of section 11 of the act incorporating medical societies, of February 26, 1824, making all contracts for services as a physician, not licensed, valid, does not revive the contract, and enable the plaintiff to recover for such services, after the repeal; such services being performed during the existence of the law.
This cause was reserved in the county of Pickaway for decision in the court in bank.
Judge Wood stated the case, and delivered the opinion of the -court:
*311 In this case a judgment was obtained against the plaintiff in error, by the defendant in error, before a justice of the peace, from which judgment an appeal was taken to the common pleas.
A bill of exceptions was taken by the plaintiff in error, on the trial, from which it appears that the plaintiff below called witnesses to prove services rendered by him as a physician for the defendant below, and boarding and lodging furnished the defendant below, and also an item for housekeeping. To this testimony the ■defendant objected, because the first three counts in the declaration, and under which the evidence was offered, contained no averment of any promise to pay, and were no counts, and no evidence could be received under them, which objections were overruled, and the evidence admitted.
The bill of exceptions shows further, that when the suit was instituted before the justice, a bill of particulars was filed with the magistrate, and certified to the common pleas with the papers after the appeal; that this bill of particulars contained a charge only against the plaintiff in error for services rendered by the defendant in error as a physician; and that the defendant below objected to the evidence to prove the items for boarding and housekeeping, because they were not charged on the original bill of particulars before the magistrate, which objection was also overruled, and the evidence 'admitted.
The counsel for the defendant below then moved the court to instruct the jury that the plaintiff below could not recover for tha *312 services rendered as a physician; but the court refused to give such instruction, but did instruct the jury that as the act of February 26th aforesaid had been repealed since the services were performed, the plaintiff below was, in law, entitled to recover. To all of which decisions the defendant below excepted, and has prosecuted this writ of error to reverse the judgment below.
*The plaintiff has assigned for error :' 1. That the common
pleas erred in admitting the testimony to prove the plaintiff’s below claim, under the first three counts of the declaration, these counts containing no promise to pay.
We will dispose of the. errors assigned in their order as in progress. Counsel have mistaken this declaration; it contains one count only. The pleader has declared for that whereas the de'fendant was indebted to the plaintiff in the sum of seventy-five dollars, for the" work and labor, care and diligence, etc., of the plaintiff done, performed, etc., for the defendant at his special instance and request. Beginning a new paragraph, he again commences, and for that whereas, the defendant was indebted to the plaintiff in other seventy-five dollars, for meat drink, washing, and lodging, found and provided for the defendant at his special instance and request. There are several other distinct paragraphs, for other things, stated in the same manner. No promise, nor any breach, is pretended to be laid, until wo are near the close of the declaration. All these paragraphs put together make but one count, and although dressed up with a little too much verbiage, it is nevertheless, at this stage of the proceedings, a good count. If it were bad, however, it was no reason why the court should reject the testimony under it. They should, as they did, receive the evidence, and leave the party to his motion in arrest or writ of error-The court, then, did not err on this point in the case.
The plaintiff has assigned for error, secondly: That the court, erred in permitting the plaintiff below to give in evidence, items of amount not contained in his original bill of particulars filed before the magistrate, and certified with the papers to the common pleas on the appeal. This question presents some difficulty; yet I can not say there is any difference of opinion in the members of the court.
The act defining the duties of justices of the peace (sec, p. 24,175) provides, that in all cases before a justice of the peace, the plaintiff, his agent or attorney, shall file with such justice a bill of par *313 tieulars of his demand. To this bill of particulars, the plaintiff is confined, in his proof, on the trial before the magistrate, unless the justice should permit it to be amended. It is the plaintiff’s declaration, and it is the notice to the defendant of the cause of complaint against him. There is the same propriety in confining the plaintiff to his *bill of particulars before the magistrate, [808 that there is for confining the parties to their pleadings in a court of record ; that neither may be entrapped by any thing of which he has had no notice, and could not be prepared to meet.
Section 42 of the same act provides that where an appeal shall be taken from a justice, the justice shall transmit the bill of particulars, the depositions, and all other original papers, if any were used on the trial before him, to the clerk of the court of cotnmon pleas. The inquiry may well be made, for what purpose is this bill of particulars required to be certified up to the common pleas, unless the plaintiff is to be confined to it on the trial ? The law does not intend to compel the performance of a vain, idle, or foolish thing, and this would certainly be such, if the plaintiff was not confined to it on the trial in the common pleas. The object of this statute was undoubtedly to confine the plaintiff to the same cause of action on the appeal thát he litigated below — and there is reason in this construction. It puts it out of the power of the plaintiff to commence his suit for one cause of action before the justice,, and to entrap a defendant, by proving another, as he might, in the common pleas, under a declaration containing the common counts in assumpsit, or in almost any other form of action. The court of common pleas may doubtless give leave to a plaintiff to amend his-bill of particulars certified up, but until amended the plaintiff is, confined to it by the clear intention of. this statute. The common-pleas, Ihen, erred in permitting the plaintiff below to- give evidence ftf “ boarding and housekeeping ” items not charged in his-bill of particulars.
The third assignment for error is, that the court charged the jury, ss the law was repealed incorporating medical societies and prohib’ting persons without license from practicing physic, that the plainiff below might recover for services as a steam doctor,, render-id while that act was in force, although he was nota licensed physic un. Did the court err in giving this instruction to the jury? The force, effect, and validity of the provisions of the statute of February 26, 1824, “incorporating medical societies,” is, *314 not denied. If it were controverted, it is fully settled by this court in 4 Ohio, 309-311, that this act, depriving others then not members of medical societies,'nor licensed, from the aid of the law in the collection of their debts, making such contract void, SOU] and imposing a fine for practicing for pay, is a constitutional and valid enactment. The mnly question arising here is, whether the repeal of this statute revives a contract or liability to pay for services, which contract or liability was null and void by the express provision of this statute, when the services were performed. There is, there can be, no doubt that a void contract is never revived: and, certainly, not without an express provision to that effect, which this act does not contain. This claim, then, for services as a steam doctor, performed while the act to which I have referred was in force, was null and void by the provisions of that law, and the claim was not revived by its repeal. In an action on a contract, that contract is to be decided by the laws in force at the time such contract was made. The court below, therefore, erred in their instructions to the jury, that the law being repealed, the plaintiff’s claim was revived, and that he was entitled to recover.
The fourth assignment, and the fifth, which only remain, are •the same in.substance as the third and first, and are disposed of in •our remarks on those points.
Another exception was taken on the trial, as shown by the bill •of exceptions, that the court were asked to instruct the jury that .the plaintiff could not recover below because he had not given «evidence on the trial that he was a licensed physician — which the «court refused. This decision is not assigned for error, nor is it •necessary to be stated.
The judgment is reversed, and the cause remanded to the court •of common pleas to be reinstated on their docket, and proceeded in as that court shall be advised.