JENNYO ET AL. *v.* WARNER & SWASEY CO., APPELLANT;
HOPE'S WINDOWS CO., DIV. OF ROBLIN INDUSTRIES, INC.,
APPELLEE.

[Cite as Jennyo v. Warner & Swasey Co. (1979),
57 Ohio St. 2d 13.]

(No. 78-690—Decided February 14, 1979.)

14

*Messrs. Thompson, Hine & Flory* and *Mr. Michael M. Hughes,* for appellant.

*Davis & Young Co., L. P. A.,* and *Mr. Robert L. Baker,* for appellee.

*Per Curiam.* The issue before this court is whether R. C. 2305.31 applies retroactively to void an indemnity provision for liability arising from a contract entered into prior to the effective date of the legislation.

R. C. 1.48 provides that ''[a] statute is presumed to be prospective in its operation unless expressly made retrospective.'' Additional weight must be accorded this interpretive mandate from the General Assembly where contractual obligations might be impaired by retroactive change to substantive law. Section 28, Article II of the Ohio Constitution.

There is no express language in R. C. 2305.31 indicating that the statute was intended to retroactively invalidate indemnity provisions in contracts lawfully formed. At the time this contract was entered into by the parties and fully executed by appellant Warner & Swasey Co., there existed no legislative or judicial declaration that such provisions contravened the public policy of this state. A contract thus conforming to public policy when made is not normally rendered unlawful by a subsequent change in state policy. Accordingly, this court finds, in compliance with R. C. 1.48, that R. C. 2305.31 does not apply retroactively so as to invalidate an indemnification agreement lawfully entered into prior to the effective date of the legislation.

Additionally, appellee, Hope's, argues that the third-party complaint should have been dismissed for failure of appellant to allege the necessary facts—specifically the

date on which appellant made a demand for indemnity. Suffice it to say that we agree with the Court of Appeals that, under the notice pleading rules, appellant's complaint was legally sufficient to withstand a motion for dismissal.

For reasons stated herein, the judgment of the Court of Appeals is hereby reversed and the cause remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and WHITESIDE, JJ., concur.

HOLMES, J., not participating.

WHITESIDE, J., of the Tenth Appellate District, sitting for LOCHER, J.