POWELL, ADMR., APPELLEE, *v.* CITY NATIONAL BANK & TRUST CO., APPELLEE; ST. JOHN'S EVANGELICAL PROTESTANT CHURCH, APPELLANT.

(No. 80AP-976—Decided April 23, 1981.)

*Messrs. Kilbane & Horvath* and *Mr. Thomas J. Kilbane,* for Bruce W. Powell, administrator of the estate of Cora May Bahrke, deceased.

*Ms. Rebecca J. Jenkins,* for City National Bank & Trust Company.

*Mr. Henry Maser,* for St. John's Evangelical Protestant Church.

NORRIS, J. This matter is before us on the appeal of defendant-appellant, St. John's Evangelical Protestant Church (St. John's Church), from a judgment of the Court of Common Pleas of Franklin County, Probate Division, ordering that a certificate of deposit issued by defendant-appellee, City National Bank and Trust Company (City National), be paid over to plaintiff-appellee, Bruce W. Powell, as administrator of the estate of Cora May Bahrke, deceased.

Powell sought a declaratory judgment declaring the rights of the parties with respect to a certificate of deposit issued by City National in the name of Cora May Bahrke, payable on death, to St. John's Church. Bahrke died on March 15, 1979. City National, in its answer, sought an

1

order instructing it as to whom the proceeds of the account should be paid. In its answer, St. John's Church asked the court to declare it the vested beneficiary of the certificate of deposit.

St. John's Church raises two assignments of error:

"I. The Probate Court erred in holding that only a natural person may be the beneficiary of a 'payable on death' certificate of deposit.

"II. The Probate Court erred in failing to hold that the classification of 'natural person' as the only beneficiary on a 'payable on death' certificate constitutes an unreasonable and arbitrary classification which deprives a corporation of equal protection under the Fourteenth Amendment to the United States Constitution."

In order to determine the merits of the assignments of error, we must turn our attention to three sections of the Revised Code. R.C. 1107.08(B), found in the state's banking code, reads as follows:

"A bank may enter into a written contract with a natural person whereby the proceeds of such person's deposit may be made payable on his death to another natural person in accordance with the terms, restrictions, and limitations set forth in sections 2131.10 and 2131.11 of the Revised Code."

R.C. 2131.10, part of the probate code, reads, in pertinent part, as follows:

"A natural person * * * referred to in sections 2131.10 and 2131.11 of the Revised Code as the owner, may enter into a written contract with any bank * * * whereby the proceeds of the owner's * * * deposit * * * may be made payable on the death of the owner to another person, referred to in such sections as the beneficiary, notwithstanding any provisions to the contrary in Chapter 2107 of the Revised Code. * * *"

R.C. 2131.11, also a part of our probate code, reads, in pertinent part, as follows:

"When [a] * * * deposit * * * is made, in any bank * * * payable to the owner during his lifetime, and to another on his death, such * * * deposit * * * may be paid to the owner during his lifetime, and on his death such * * * deposit * * * may be paid to the designated beneficiary * * *."

The General Assembly enacted R.C. 2131.10 and 2131.11 in 1961 with the apparent intention of recognizing in Ohio the use of a deposit in a financial institution as a "tentative trust," whereby the depositor (settlor) can withdraw funds from the deposit during his lifetime, and at the same time allow the beneficiary of the deposit to have the remainder of the funds at the depositor's death, without regard to the depositor's will or the statute of descent and distribution. The tentative trust doctrine was recognized in the state of New York in the leading case of In re Totten (1904), 179 N.Y. 112, 71 N.E. 748, and resulted in widespread use of what many have called a "Totten trust" or "poor man's trust."

St. John's Church maintains that any fair reading of the three statutes quoted above will not preclude naming a corporation not for profit as the beneficiary of a "P.O.D." account, since R.C. 1.59(C) defines "person" as including a corporation.

We believe any ambiguity in R.C. 2131.10 and 2131.11 will be resolved by reference to the following considerations:

(1) It is a long-standing rule of statutory construction that where two statutory provisions appear to be in conflict, wherever possible, they should be read in a manner as to give effect to both, and where that is not possible, the more specific or limited provision will be given effect over the more general one. See R.C. 1.51. Both R.C. 1107.08(B) and R.C. 2131.10 limit the depositor to a natural person. R.C. 1107.08 states that the beneficiary must be "another natural person," while R.C. 2131.10 states that the beneficiary may be "another person." Applying the rule of construction cited

above, the use of the more limited term "another natural person" will result in giving effect to both statutes, avoiding an irreconcilable conflict in their terms.

(2) In R.C. 2131.10, the depositor is referred to as the "owner" of the deposit; and, by the express terms of that section, the owner must be a natural person. When R.C. 2131.10 states that the deposit "may be made payable on the death of the owner to another person," the term "another person" is an obvious reference back to the "owner." It therefore follows that the "another person" referred to must be another natural person.

(3) The words "another" and "designated beneficiary" as used in R.C. 2131.11 are not ambiguous—neither do they stand alone. Instead, they refer back to the wording of R.C. 2131.10 which, as we mentioned in the previous paragraph, requires that the beneficiary be a natural person.

(4) R.C. 1107.08 was enacted approximately six and one-half years after the enactment of R.C. 2131.10 and 2131.11. As R.C. 1107.08 contains a specific cross-reference to R.C. 2131.10 and 2131.11, it is obvious that the General Assembly had those latter sections in mind when it enacted R.C. 1107.08. Accordingly, we must presume that the General Assembly intended to avoid creating any conflict upon the enactment of R.C. 1107.08, that it intended that R.C. 1107.08 be consistent with R.C. 2131.10 and 2131.11 and that it intended to resolve any ambiguity that may have existed in those sections.

Reading the three sections of the Revised Code together, we conclude that the General Assembly intended that only natural persons may be designated as the beneficiaries of "P.O.D." accounts. The first assignment of error is overruled.

We do not believe that the General Assembly created an unreasonable and arbitrary classification when it permitted only natural persons to be the beneficiaries of "P.O.D." accounts.

It is certainly true, as St. John's Church argues, that the state may not create an arbitrary classification which discriminates against corporations in favor of natural persons where there is no rational basis for that discrimination. *Louis K. Liggett Co. v. Lee* (1933), 288 U.S. 517.

But it is equally true that, for many purposes, corporations may be put into one class and individuals into another, without violating constitutional guarantees of equality, where there is a rational basis for the classification. *Prudential Ins. Co. v. Cheek* (1922), 259 U.S. 530, 546-547. For example, the United States Supreme Court has held, with respect to a Mississippi Act which was applicable to nonresident corporations, but not nonresident individuals, that the inherent difference between corporations and natural persons is a sufficient basis upon which to sustain a classification placing restraints upon the right of nonresident corporations, but not nonresident individuals, to do business in a state. *Crescent Cotton Oil Co. v. Mississippi* (1921), 257 U.S. 129, 137.

While a number of public policy purposes may underlie the General Assembly's enactment of the subject classification, one is particularly apparent. It has long been the policy of this state, and nearly every other jurisdiction of the Anglo-American legal tradition, through enactment of "mortmain" statutes, to prevent deathbed bequests to charitable organizations like the appellant. See R.C. 2107.06. The mortmain statutes easily could be circumvented in contravention of public policy if charitable corporations were permitted to be designated as beneficiaries of "P.O.D." accounts.

The second assignment of error is overruled.

Both assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.