**ESTATE OF KINSEY et al., Appellees,**

v.

**JANES et al., Appellants.**

[Cite as *Estate of Kinsey v. Janes* (1992), 82 Ohio App.3d 822.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-548.

Decided Oct. 6, 1992.

*Thomas S. Baker, Jr.* and *David L. Duren,* for appellees Estate of Kinsey, and David L. Duren and Thomas S. Baker, Jr., co-executors.

*John W. Shryock,* for appellants John W. Janes et al.

*Pickrel, Schaefer & Ebeling, Diane L. Gentile* and *Andrew C. Storar,* for third-party appellee Citizens Federal Bank.

*Carlile, Patchen & Murphy* and *John P. Wilkerson,* for third-party appellee Buckeye Federal Savings & Loan Association.

*Earl, Warburton, Adams & Davis* and *Steven A. Hatten,* for appellee Slaymaker–Kinsey Memorial Scholarship Trust Fund of the Alpha Xi Delta Building Corporation of Columbus, Ohio.

*Judith D. Moss,* for appellee Alpha Xi Delta Foundation.

PEGGY BRYANT, Judge.

Defendants-appellants, certain heirs-at-law of decedent Wilhelmina S. Kinsey, appeal from a judgment of the Franklin County Court of Common Pleas, Probate Division, finding in favor of defendants-appellees, the designated beneficiaries of various of decedent's payable on death ("POD") accounts in the action of plaintiffs-appellees for a declaratory judgment as to the proper disposition of the proceeds of those accounts.

Prior to 1984, decedent entered into contractual relationships with three financial institutions, Ohio State Federal Savings & Loan Association (known later as "Citizens Federal Savings & Loan Association of Dayton"), Buckeye Federal Savings & Loan Association, and Dollar Savings Association (now known as "TransOhio Bank") (hereinafter "Citizens," "Buckeye," and "TransOhio," respectively), by which ten certificates of deposit ("CD's") and one savings account were established. The CD's were set up to repeatedly and automatically renew unless the depositor directed otherwise. The savings account was an ongoing relationship of indefinite duration. By way of signature cards, decedent made each of these CD's and the account payable upon her death to one of two corporate beneficiaries, the Slaymaker–Kinsey Memorial Scholarship Trust Fund of the Alpha Xi Delta Corporation, or the Slaymaker–Kinsey Memorial Scholarship Trust Fund of the Alpha Xi Delta Building Corporation (hereinafter collectively "the beneficiaries").[1]

On May 17, 1989, decedent died. On October 15, 1990, the co-executors of decedent's estate brought a declaratory judgment action seeking a determination of the proper disposition of the proceeds of the various POD accounts in light of the law following this court's decision in *Powell v. City Natl. Bank & Trust Co.* (1981), 2 Ohio App.3d 1, 2 OBR 1, 440 N.E.2d 560, and the General Assembly's subsequent amendment of R.C. 2131.10. Plaintiffs named as defendants all of decedent's heirs-at-law as well as the beneficiaries. On November 13, 1990, the beneficiaries brought third-party claims against Citizens, Buckeye and TransOhio. Thereafter, by agreement, the issue of the proper disposition of the proceeds of the POD accounts was submitted to the trial court.

On November 21, 1991, the probate court rendered its decision, finding that decedent's beneficiary designations were valid, and that the beneficiaries were entitled to the proceeds of the accounts. The heirs-at-law, appellants herein, appeal, stating the following assignments of error:

---

1. The record reveals that a third beneficiary, the Slaymaker–Kinsey Memorial Scholarship Trust Fund of the Ohio State University was also named by the decedent to receive the proceeds of one of her CD's. However, it was never made a party to this case.

"The trial court erred to the prejudice of appellants when it found that from the date of the original enactment of R.C. 2131.10 and 1107.08, the legislature intended that corporations and associations could be beneficiaries of POD accounts and so found that the initial POD designations complied with the law.

"The trial court erred to the prejudice of appellants when it found that new contracts were formed each time the certificates of deposit containing POD designations rolled over.

"The trial court erred to the prejudice of appellants when it found that the savings account at Citizens Federal Savings and Loan Association should be treated as the certificates of deposit were treated."

■ The issue of the effect of decedent's designation of artificial persons as beneficiaries of her POD accounts is governed primarily by R.C. 2131.10 and 2131.11.[2] However, the task of applying these provisions to decedent's POD accounts is complicated by the fact that R.C. 2131.10 was significantly amended in 1984, after all of decedent's POD accounts had been established.

From its original enactment in 1961 until its amendment in 1984, R.C. 2131.10 read in pertinent part:

"A natural person * * *, referred to in sections 2131.10 and 2131.11 of the Revised Code as the owner, may enter into a written contract with any bank, building and loan or savings and loan association * * * whereby the proceeds of the owner's * * * deposit * * * may be made payable on the death of the owner to another *person*, referred to in such sections as the beneficiary, notwithstanding any provisions to the contrary in Chapter 2107. of the Revised Code. * * *" (Emphasis added.) R.C. 2131.10 (amended by Am.H.B. No. 348, 140 Ohio Laws, Part II, 3517).

Similarly, R.C. 2131.11 read in pertinent part:

"When a * * * deposit * * * is made, in any bank, building and loan or savings and loan association, * * * payable to the owner during his lifetime,

---

**2.** At the time decedent established her accounts, Dollar Savings Association was a savings and loan association; her accounts established there were governed by R.C. 2131.10. At some point unclear from the record, TransOhio Bank became the successor in interest to Dollar Savings Association, thus implicating R.C. 1107.08(B), which governs POD accounts at banking institutions.

To the extent R.C. 1107.08(B) may apply herein due to TransOhio's current status, it does not alter the analysis. Under the specific language of R.C. 1107.08(B) before amendment, beneficiaries of POD accounts were required to be natural persons; but under the amended version, artificial persons, such as corporations, may be beneficiaries of such accounts. In interpreting pre-amendment R.C. 1107.08(B) in conjunction with R.C. 2131.10 in *Powell,* the court concluded that R.C. 2131.10 also required that beneficiaries of POD accounts be natural persons.

and to another on his death, such * * * deposit * * * may be paid to the owner during his lifetime, and on his death such * * * deposit * * * may be paid to the designated beneficiary * * *."

In 1981, this court addressed the issue of permissible beneficiaries under R.C. 2131.10 in *Powell,* and concluded that the section permitted only natural persons to be beneficiaries of POD accounts. Apparently, as a result of that decision, in 1984, R.C. 2131.10 was amended to read as follows:

"A natural person * * *, referred to in sections 2131.10 and 2131.11 of the Revised Code as the owner, may enter into a written contract with any bank, building and loan or savings and loan association * * * whereby the proceeds of the owner's * * * deposit * * * may be made payable on the death of the owner to another *natural person or to any entity or organization,* referred to in such sections as the beneficiary, notwithstanding any provisions to the contrary in Chapter 2107. of the Revised Code. * * *" (Emphasis added.)

As amended, the law permits artificial persons to be named beneficiaries of POD accounts. The new language does not indicate that it was intended to operate retrospectively.

In reviewing the foregoing, the trial court concluded that the amendment to R.C. 2131.10 was intended to "clarify and restate" the law under the section *i.e.,* that, " * * * from the date of the original enactment of Ohio R.C. Section 2131.10 * * *, corporations and associations should be named beneficiaries of POD accounts."

Despite language in the amendment's legislative summary indicating that it was intended to "clarify" the law, the amendment changed the law. R.C. 2131.10 as enacted in 1961 did not, as this court noted in *Powell,* permit artificial persons to be beneficiaries of POD accounts, while the amended provision permits artificial persons to be beneficiaries of such accounts. The General Assembly's reference to the amendment as "clarifying" the existing law does not alter that fact. See *The Schooner Aurora Borealis v. Dobbie* (1848), 17 Ohio 125, 128 ("[an] explanatory act operates prospectively, and has, from the time of its passage, the force and effect of a law. But as far as it assumes to encroach upon the province of the court, and assumes to give construction to existing acts, * * * it * * * will be inoperative").

Further, since the statute lacks language indicating that it is intended to operate retrospectively, R.C. 2131.10 as amended operates only prospectively from its effective date. R.C. 1.48. See, also, *Jennyo v. Warner & Swasey Co.* (1979), 57 Ohio St.2d 13, 11 O.O.3d 91, 385 N.E.2d 630. To the extent the trial court concluded otherwise, it erred. However, because the trial court rested its decision regarding the validity of the POD accounts on other

grounds, whether any error prejudiced appellants cannot be resolved without first addressing appellants' second and third assignments of error.

■ The trial court's second independent basis for upholding the validity of the named beneficiaries was contract theory. Specifically, the trial court held that each time one of the CD's automatically renewed, a new contract, governed by the law as it existed at the time of the renewal, was formed. Since each of the CD's in this case has been automatically renewed at least once since 1984, the court concluded that these accounts are governed by amended R.C. 2131.10 and not by the law in effect at their inception. Appellants' second assignment of error alleges that the trial court erred in so holding.

The trial court rested its determination on *State ex rel. Preston v. Ferguson* (1960), 170 Ohio St. 450, 11 O.O.2d 204, 166 N.E.2d 365, wherein the Supreme Court drew a distinction between contracts containing an option to renew, and those containing an option to extend. *Id.* at 457, 11 O.O.2d at 207, 166 N.E.2d at 371. Regarding options to renew, the court stated that "[a] contract containing an option to renew has the effect of granting a right to execute a *new* contract upon exercise of the option and the new contract is operative immediately after the terminal date of the original agreement. In other words, a contract containing a renewal option constitutes a present grant only for the original term, and a new contract must be executed at the end of such term if the option to renew is to be exercised." (Emphasis *sic*.) *Id.*

The original agreements creating the CD's herein provided that they would run for a definite term, ranging in duration from one hundred eighty-two days to forty-eight months. A renewal provision in each provided that upon the expiration of the initial term, the CD's would automatically renew for successive additional terms of a duration equal to the initial term, unless the depositor took certain enumerated steps to prevent the renewal. Despite appellants' unsupported arguments to the contrary, these agreements are within the scope of *Ferguson*. See, also, *Benson v. Rosler* (1985), 19 Ohio St.3d 41, 19 OBR 35, 482 N.E.2d 599 (renewal insurance policy governed by the statute in effect at time of renewal rather than by the law as it existed on the policy's original date of issuance). Specifically, under *Ferguson* and *Benson*, each time the CD's were renewed, a new contract was formed. Since each of the CD's were renewed at least once following the amendment of R.C. 2131.10, the amended statute governs the terms of the agreement. Consequently, the beneficiaries designated by the decedent are valid on all the CD-based POD accounts, and appellants' second assignment of error is overruled.

Appellants' third assignment of error asserts that the trial court erred in treating the POD savings account in the same manner in which it treated the CD-based POD accounts. While decedent's POD accounts consisted of ten CD's, it included a single savings account. Although the trial court treated all eleven POD accounts as CD's, the savings account, unlike the CD's, contained no renewal provision and was governed throughout its existence by the original contract between the decedent and the financial institution.

■ Generally, if a contract or contractual provision is rendered a nullity through the operation of a statute, the repeal of the statute will not revive the ineffective contract or provision unless the repealing Act expressly provides for such retrospective effect. *Nichols v. Poulson* (1834), 6 Ohio 305, 309. However, the contract creating the savings account differed from the usual contract in that it contained a clause permitting decedent to change the beneficiary at any time. Further, R.C. 2131.10 as originally enacted rendered only decedent's beneficiary designation void, leaving the balance of the contract in force. Therefore, the change-of-beneficiary provision in effect empowered the decedent to unilaterally conform the contract to changes in the law regarding permissible beneficiaries.

■ While the decedent did not expressly redesignate the original beneficiary following the amendment of R.C. 2131.10, from that time until her death, a period of nearly five years, the decedent chose to leave her original designation intact. In doing so, decedent effectively reaffirmed her original designation after R.C. 2131.10 was amended. Under the circumstances of this case, we will not subvert the clear and undisputed intent of the decedent on the basis of the technical distinction between an express redesignation and a passive affirmation of the original beneficiary.

Through her failure to change beneficiaries, decedent reaffirmed her original choice of beneficiary for the savings account, and thereby brought the designation within the purview of amended R.C. 2131.10. Consequently, decedent's designation of an artificial person as beneficiary of the savings account is valid. While the trial court erred in treating the savings account in the same manner as the CD's, the error did not prejudice appellants, and their third assignment of error is overruled. Further, appellants' second and third assignments of error being overruled, appellants were not prejudiced to the extent the trial court erred in retrospectively applying R.C. 2131.10 as amended. Therefore, appellants' first assignment of error is also overruled.

Having overruled all three of appellants' assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

John C. Young, P.J., and Bowman, J., concur.